# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2012

No. 11-41250

Lyle W. Cayce
Clerk

DAN KOVACIC, Individually and with an Interest in the Estate of Zachary
Kovacic, Deceased; ELIZABETH FOX, individually and With an Interest in
the Estate of Zachary Kovacic, Deceased; ERIN MICHELLE KOVACIC,
individually and as next Friend of Carley Nicole Kovacic both With an
Interest in the Estate of Zachary Kovacic, Deceased; CARLEY NICOLE
KOVACIC, Minor Child With an Interest in the Estate of Zachary Kovacic,
Deceased,

Plaintiffs - Appellants

v.

LARRY BROWN ENTERPRISES, L.L.C., doing business as Cheers Cocktails;
DOUG MERCER,

Defendants - Appellees

Appeal from the United States District Court for the
Southern District of Texas, Laredo
5:11-CV-137

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:[*]

Appellants, the survivors of Zachary Kovacic, challenge the district court's

order dismissing their case against appellees, the owners of Cheers Lounge in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-41250

Laredo, Texas on summary judgment. Plaintiffs brought this action under the Texas Dram Shop Act, Texas Alcoholic Beverage Code § 2.03 (2007). The facts were largely undisputed. On August 7, 2007 Kovacic met his co-workers for drinks at appellee's lounge and after several hours of drinking Kovacic became highly intoxicated. He was then escorted outside by Cheers employees and handcuffed. Cheers' representative then called the Laredo Police Department and notified them that an intoxicated patron needed to be escorted from the premises. Two Laredo police officers then proceeded to place Kovacic in the back of their patrol car and drive toward a motel where Kovacic was staying with his wife and child. Approximately one and a half miles from the motel Kovacic persuaded the officers to release him so that he could walk the rest of the way to the motel. The officers released Kovacic at the intersection of Del Mar and Loop 20 at approximately 2:00 a.m. At approximately 2:33 a.m. Kovacic was struck on the roadway by an unknown hit-and-run driver. On arrival at the hospital his blood alcohol level was found to be .227%. Kovacic died from these injuries.

The district court granted summary judgment on grounds that the action of the Laredo policemen in releasing Kovacic in his intoxicated condition at a busy intersection at 2:00 a.m. was an independent, intervening cause and appellee as owner of Cheers Cocktails had no liability under the Texas Dram Shop Act. *Kovacic v. Larry Brown Enters., L.L.C.*, 693 F. Supp. 2d 660 (S.D. Tex. 2010). We agree. The district court carefully considered the six factors Texas courts consider in determining whether an intervening cause constitutes a new and independent or superseding cause and we agree completely with that analysis.

For the reasons stated above and those stated by the district court in its Order of January 25, 2010, we affirm the judgment of the district court.

AFFIRMED.

No. 11-41250